UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22061-Civ-WILLIAMS/TORRES

ENTOURAGE CUSTOM JETS, LLC,
f/k/a GENESIS CUSTOM JETLINERS LLC,
and GREAT AMERICAN INSURANCE COMPANY,

      Plaintiff,

v.

AIR ONE MRO, LLC, and
MIAMI EXECUTIVE AVIATION, LLC,
d/b/a SIGNATURE FLIGHT SUPPORT,

      Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE JURY DEMAND

This matter is before the Court on Entourage Custom Jets, LLC's f/k/a Genesis Custom Jetliners, LLC, ("Plaintiff") motion to strike Air One MRO, LLC's jury trial demand ("Defendant"). [D.E. 105]. Defendant responded to Plaintiff's motion on October 18, 2019 [D.E. 106] to which Plaintiff replied on October 25, 2019. [D.E. 107]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **DENIED**.

## I. BACKGROUND

Plaintiff filed this case on May 23, 2018 [D.E. 1] for actions that took place in June 2016. During that month, the parties agreed that Defendant would perform maintenance and upgrades to a Boeing MD87 aircraft in exchange for compensation. The services were performed at Defendant's facility in Opa Locka, Florida. Plaintiff delivered the aircraft for servicing. The aircraft was equipped with a variety of operational avionics at the time of delivery. On September 29, 2016, Defendant left passenger-boarding stairs unsecured near the aircraft. Overnight, thieves used the stairs to break into the aircraft to steal valuable aviation equipment from the cockpit dashboard.

Plaintiff then filed suit against Defendant for bailment and negligent security. Plaintiff did not include a jury trial demand in its complaint and neither did Defendant include one in its answer. On January 17, 2019, Defendant filed a counterclaim [D.E. 37] for breach of contract with allegations that Plaintiff violated a General Terms Agreement[1] ("GTA") that the parties signed on June 7, 2016. Defendant's counterclaim alleges that Plaintiff violated the GTA when Plaintiff failed to purchase insurance that named Defendant as an additional insured. The counterclaim also includes a jury trial demand. Plaintiff objects to Defendant's demand because it violates the terms of the GTA. Because the parties have been

---

[1] The GTA governed Defendant's repair work on the aircraft. Plaintiff alleges that Defendant drafted the GTA and that it included a provision where each party waived its right to a jury trial. [D.E. 105 at 11] ("[E]ach party hereby waives its right to trial by jury").

unable to agree on whether Defendant is entitled to a jury, Plaintiff filed a motion to strike that is now ripe for disposition.

## II. ANALYSIS

"[T]he right to a jury trial in the federal court is to be determined as a matter of federal law." *Phillips v. Kaplus,* 764 F.2d 807, 812 (11th Cir. 1985). Rule 38 provides for a jury trial only where the right is "declared by the Seventh Amendment to the Constitution" or "provided by a federal statute." Fed. R. Civ. P. 38(a).[2] Rule 39(a) clarifies that, when a jury trial is demanded, the action must be tried by a jury on all issues so demanded "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Determining whether a right to a jury trial exists turns on whether the claims are historically cognizable at law or considered equitable. *See Phillips*, 764 F.2d at 813. "For those claims which traditionally were cognizable at law, the right to a jury is generally preserved; for those claims which historically were considered equitable, no jury trial is mandated." *Id.* In other words, "the right to a jury trial does not extend to cases in which only equitable rights are at stake." *Waldrop v. Southern Co. Servs.*, 24 F.3d 152, 156 (11th Cir. 1994) (citation omitted).

---

[2] Rule 38 provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b).

3

### A. *Whether Plaintiff Consented to a Jury Trial*

Plaintiff argues that Defendant has no right to a jury trial because it knowingly[3] waived that right when it drafted and signed the GTA. *See Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) ("A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.") (citing *See Brookhart v. Janis,* 384 U.S. 1, 4–5 (1966); *see also Leasing Service Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir. 1986)). Plaintiff claims that the waiver is conspicuous, that the parties are sophisticated, and that there is no evidence of a gross disparity in bargaining power that might undermine the enforceability of the agreement.

Plaintiff also argues that failing to enforce the jury waiver will unnecessarily waste judicial resources because it could lead to an inconsistent verdict. Plaintiff is concerned, for example, that – if Defendant proceeds with a jury trial – the Court would be the trier of fact for claims related to bailment and negligent security while a jury would be used for any all other purposes. Because no party has demanded a jury trial under Rule 38(b)(1), Plaintiff concludes that Defendant cannot do so at this late stage of the case. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1348 (11th Cir. 2017) ("A party waives his right to a jury trial unless a timely and proper

---

[3] "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac, Inc.*, 164 F. App'x at 823-24 (citing *Crane,* 804 F.2d at 833; *Whirlpool Financial Corp. v. Sevaux,* 866 F. Supp. 1102 (N.D. Ill. 1994)).

demand is made upon the courts.") (citing *LaMarca v. Turner*, 995 F.2d 1526, 1545 (11th Cir. 1993)).

Defendant concedes that the GTA includes a jury waiver. Defendant argues, however, that this is immaterial because the GTA does not apply to the facts of this case. Defendant also claims that Plaintiff explicitly agreed to a jury trial when the parties filed their joint conference report on October 26, 2018 [D.E. 30] and that this constitutes a waiver of the contractual agreement to the extent it even applies. The joint conference report explicitly states that "[t]he parties anticipate that a jury trial will require approximately five (5) days." [D.E. 30 at 3].

Plaintiff claims, on the other hand, that there is no question that the GTA controls and that it should be given full effect. Defendant disagrees and argues that the question of whether the GTA controls is not dispositive because courts have repeatedly found that an agreement in a joint conference report takes priority over a prior jury waiver. *See, e.g.*, *Gulf Bay Capital, Inc. v. Textron Financial Corp.*, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016) ("[T]he Court finds that Textron consented to a trial by jury by signing a joint case management report containing that election."); *Galle v. Nationstar Mortgage, LLC*, 2017 WL 2972072, at *2 (M.D. Fla. July 12, 2017) (concluding that a party waived its right to enforce jury waiver by "agreeing to a jury trial in the [case management report] and wait[ing] six weeks after the [trial order] was issued to file a motion to strike"); *Coleman v. Lazy Days RV Center, Inc.*, 2007 WL 2696789, at *2 (M.D. Fla. Sept. 12, 2007) (denying motion

to strike jury trial demand where the defendant waited more than two years from the date this case was originally filed" to strike the jury trial demand and also "agreed to a jury trial in the Case Management Report by a way of signature").

In addition, Defendant claims that it demanded a jury trial "on all issues so triable" in a counterclaim filed on January 17, 2019. [D.E. 37]. Defendant states that the demand encompasses the issues raised in Plaintiff's complaint – including the issues raised in Defendant's counterclaim – and that the jury demand is timely preserved under Rule 38. *See Phillips v. Kaplus*, 764 F.2d 807, 811 (11th Cir. 1985) ("On our reading of the pleadings, plaintiffs' assertion of waiver is incorrect. [Defendant's] demand for a jury trial was not confined to the counterclaim; it specifically requested 'trial by jury of all issues so triable.'"). For these reasons, Defendant concludes that the agreement in the joint conference report supersedes the contractual waiver (to the extent it even applies) and that every triable issue should proceed to a jury trial.

Plaintiff maintains, however, that the GTA controls and that the jury waiver must be given full effect. Plaintiff also argues that the joint conference report cannot confer a jury trial on all the issues presented because the parties filed their joint conference report on October 26, 2018 – three months *prior* to Defendant filing a counterclaim on January 17, 2019. [D.E. 30, 37]. Plaintiff states that the agreement is therefore limited to only those claims that existed in October 2018.

Moreover, Plaintiff opposes Defendant's request for a jury trial on each triable issue because Defendant never made such a far-reaching demand. While Defendant's counterclaim seeks a jury trial on "all issues so triable," Plaintiff claims that the failure to reference Plaintiff's complaint means that, if anything, the jury demand should be limited solely to the counterclaim. And to the extent the Court disagrees, Plaintiff alleges that Defendant has continuously failed to show that the parties reached an agreement with respect to a jury trial. At most, Plaintiff argues that it committed a unilateral mistake and that it erred when it agreed that this case should proceed to a jury trial. Plaintiff suggests that its *agreement* in the joint conference report was entirely inconsistent with every position it has taken in this case – from the filing of the civil cover sheet to the pleadings to its answer. Because every piece of evidence shows that Plaintiff committed an obvious mistake, Plaintiff requests that this case proceed to a bench trial.

Federal Rule of Civil Procedure 38(b) requires that a party seeking to assert a right to proceed before a jury file a writing "demand[ing] a jury trial" within "14 days after the last pleading directed to the issue is served." Fed. R. Civ. 38(b). Where a party fails to do so, the ability to "demand" a jury trial is lost. *See Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 732 (6th Cir. 2012) (defining "demand" as "the assertion of a legal or procedural right" (emphasis added) (quoting Black's Law Dictionary 462 (8th ed. 2004))). This does not mean, however, that the *opportunity* to proceed before a jury is always forfeited. *See Burns v. Lawther*,

7

53 F.3d 1237, 1240 (11th Cir. 1995) ("[B]ecause the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." (citation omitted)). The Court is permitted, for example, "on motion, [to] order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The first question is whether a contractual agreement should be given full effect, notwithstanding a joint conference report that shows otherwise. There is no dispute that, under federal law, "the right to a civil jury trial in federal court, including a determination as to the applicability and enforceability of a jury waiver clause . . . [that] a jury trial may be waived by contract if done so knowingly and voluntarily." *Bakrac, Inc.*, 2003 WL 25730511, at *1. Plaintiff therefore concludes that the parties signed the GTA, that the GTA includes an express jury trial waiver, and that this ends the inquiry.

The problem with Plaintiff's position is that, as a sophisticated business entity with experienced legal counsel, it agreed with the filing of a joint conference report on October 26, 2018. [D.E. 30]. And each case that the Court has considered has found that the filing of a joint case management report either cures an untimely jury trial demand or takes priority over a prior contractual waiver. Indeed, "courts in this Circuit routinely find that a party waives its right to enforce a contractual jury trial waiver where a party: (1) fails to object to a jury trial demand in response to a pleading; (2) agrees to a jury trial in her Joint Scheduling Report; or (3) . . .

8

waits until the eve of trial to move to strike a jury demand."[4] *Affiliati Network, Inc. v. Wanamaker*, 2017 WL 7311893, at *3 (S.D. Fla. Aug. 21, 2017) (citing *Galle*, 2017 WL 2972072, at *2 (concluding that a party waived its right to enforce jury waiver by "agreeing to a jury trial in the [case management report] and wait[ing] six weeks after the [trial order] was issued to file a motion to strike"); *Gulf Bay Capital, Inc.*, 2016 WL 4009942, at *2 ("The question is whether the jury designation in the joint Case Management Report is sufficient to establish . . . consent to a jury trial. The Court finds that it is."); *Madura v. Countrywide Home Loans, Inc.*, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying motion to strike jury demand because, although there was a contractual jury trial waiver, defendants waited more than a year before seeking to enforce it and "indicated on their case management report . . . that Plaintiffs demanded a jury trial"); *Coleman*, 2007 WL 2696789, at *2 (finding that "[t]he defendant agreed to a jury trial in the Case Management Report by a way of signature" and concluding that "[a] party's contract right may be waived by taking action inconsistent with that right") (citation and quotation marks omitted)).

The same reasoning applies here because – even if we assume that the GTA applies – the filing of the joint conference report supersedes the prior contractual

---

[4] Courts have compared this waiver of a contractual right through litigation conduct as similar to a waiver of a contractual right to arbitration. *See Office Depot, Inc. v. Arnold*, 2017 WL 4876208, at *2 (S.D. Fla. Aug. 9, 2017) (citing *Marine Environmental Partners, Inc. v. Johnson*, 863 So. 2d 423 (Fla. 4th DCA 2003) (explaining that under Florida law, a party can waive a right to arbitration based on litigation conduct that is inconsistent with arbitration)).

agreement. The joint conference report was filed in October 2018 [D.E. 30] and Plaintiff waited an entire year before seeking any judicial relief. Making matters worse, Defendant filed a counterclaim on January 17, 2019 [D.E. 37] and Defendant waited another nine months before filing a motion to strike. It is unclear as to how Plaintiff could have repeatedly made this mistake or how the error went unnoticed for so long. Either way, the delay in this case is far longer than the time frame that other courts have considered sufficient to conclude that a party has consented to a jury trial notwithstanding a contractual agreement. *See Galle*, 2017 WL 2972072, at *2 (finding that the defendant "agreed to a jury trial in the [joint conference report] and waited six weeks after [the Scheduling Order] was issued to file a motion to strike."). Accordingly, Plaintiff's agreement in the joint conference report and extended delay in raising any objections are sufficient reasons to conclude that the parties consented to a jury trial. *See Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) ("In this Circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary.") (citation omitted).

**B.** *<u>Whether Plaintiff Can Revoke its Consent to a Jury Trial</u>*

Having established that Plaintiff consented to a jury trial in the filing of a joint conference report, the next question is whether Plaintiff can now revoke its consent. Under Federal Rule of Civil Procedure 38(d), "[a] proper [jury] demand may be withdrawn only if the parties consent." Fed. R. Civ. 38(d). "[T]his language

has been interpreted to mean that once a jury-trial designation has occurred, the consent of both parties is required to withdraw the designation as to claims for which there is a Seventh Amendment right to a jury trial." *Gulf Bay Capital, Inc.*, 2016 WL 4009942, at *3 (citing *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 967-68 (7th Cir. 2004)).

Here, Plaintiff seeks to withdraw its consent based on the doctrine of unilateral mistake. "Florida case law allows for application of the unilateral mistake doctrine where all of the following conditions are met: (1) the mistake 'goes to the substance of the agreement,' (2) the error does not result from an inexcusable lack of due care, and (3) the other party has not relied upon the mistake to his detriment. *Roberts & Schaefer Co. v. Hardaway Co.*, 152 F.3d 1283, 1291 (11th Cir. 1998) (quoting *Langbein v. Comerford,* 215 So. 2d 630, 631 (Fla. 4th DCA 1968)).

Plaintiff argues that Defendant has not established sufficient evidence that the parties agreed to proceed with a jury trial because neither party mentioned – much less negotiated – this issue in an email or telephone call. Instead, Plaintiff claims that it simply erred when it agreed that this case should proceed to a jury trial. Plaintiff's argument is entirely unconvincing because, as mentioned earlier, Plaintiff's litigation conduct undermines the finding of a unilateral mistake at every turn. While Plaintiff did not include a jury demand in its complaint or answer, Plaintiff failed to object to the joint conference report for 12 months, and then failed to object to the jury demand in Defendant's counterclaim for 9 months.

11

As evidence of a unilateral mistake, Plaintiff relies on the declaration of Plaintiff's counsel that human error was the cause of the jury language in the joint conference report. While we do not doubt the veracity of the declaration, this hardly rises to the level of "strong and compelling reasons" to set aside a jury trial agreement. *See Parrott*, 707 F.2d at 1267. Indeed, trial is set in this case for February 3, 2020 [D.E. 71] and Plaintiff cannot persuasively show that it overlooked the language in the joint conference report and in Defendant's counterclaim for all this time and then attempt to reverse course on the eve of trial.

Plaintiff has also failed to direct the Court to any relevant cases where the doctrine of unilateral mistake was used to undermine a jury trial agreement. Plaintiff's argument is further weakened when the Court considers the general rule in the Eleventh Circuit that protects the right a jury trial in the absence of strong and compelling reasons. Based on these principles and the lack of evidence presented, Plaintiff has failed to show that the doctrine of unilateral mistake applies. Accordingly, Plaintiff's motion to strike Defendant's jury trial demand is **DENIED**. [D.E. 105]. *See Galle*, 2017 WL 2972072, at *2 (citing *Parrott*, 707 F.2d at 1267 (denying a motion to strike a jury trial demand, in part, because "[t]his result is . . . in step with the Eleventh Circuit's position to protect an individual's Seventh Amendment right to a jury trial.").

## III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Defendant's jury trial demand is **DENIED**.[5]  [D.E. 105].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[5]  Plaintiff complains that, even if it agreed to try this case in front of a jury, that consent should be limited to the claims in Plaintiff's complaint because it was filed months *prior* to the filing of the joint conference report.  Plaintiff's argument is unavailing because there is nothing in the record that limits the consent given.  Putting that aside, Defendant's counterclaim expressly states it seeks a jury trial "on all issues so triable," and Plaintiff waited 9 months afterward to challenge Defendant's jury demand.  Plaintiff has also failed to present any reason for the delay – other than human error – and there is nothing in the record to show that the consent given should be limited.  If anything, the record shows that the parties reached an agreement to proceed with a jury trial, that Defendant demanded a jury trial in its counterclaim, and that Plaintiff waited until the eve of trial to file a motion to strike.  As such, there is no evidence that Plaintiff's consent should be limited solely to the claims in Plaintiff's complaint.